# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | |
|---|---|
| **ODELL KIMMONS**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VALFAIR CONSTRUCTION, INC.,**<br><br>Defendant. | **Case No.:**<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA**<br><br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Odell Kimmons, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant failed to pay Plaintiff in accordance with the FLSA in that it failed to pay Plaintiff overtime wages for all overtime hours worked despite classifying Plaintiff as a non-

1

exempt, overtime eligible employee. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

3. Plaintiff Odell Kimmons ("Plaintiff") is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

4. The Plaintiff and "Class Members" are Defendant's current and former non-exempt employees who were paid in whole or in part on an hourly and or shift basis. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5. Defendant Valfair Construction, Inc., ("Defendant" or "Valfair") does business in the State of Texas and may be served with process through its registered agent, Corporation Service Company D/B/A Csc-Lawyers Inco, at 211 E. 7th St, Suite 620 Austin, TX 78701, or wherever they may be found.

## III.    JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law under the Fair Labor Standards Act. 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in this District because a substantial portion of the events forming the basis of the suit occurred in this District and one or more parties reside in this District.

## IV.   COVERAGE

8. At all material times, Defendant acted, directly or indirectly, in the interest of an employer, joint employer or successor employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an employer, joint employer or successor employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLEGATIONS

13. Defendant Valfair Construction, Inc. operates in this District and does over $500,000.00 per year in business.

14. Defendant employs individuals paid on a non-exempt (by the hourly and/or shift) basis including, but not only, as heavy equipment operators.

15. Plaintiff was employed by Defendant during the three years prior to the filing of this suit and until January of 2024.

16. Throughout the course of this employment, Plaintiff was paid on a non-exempt basis and regularly required to work in excess of 40 hours per week (overtime hours); however, Plaintiff was not paid overtime premium pay for all overtime hours worked. Rather, Plaintiff and other similarly situated Plaintiffs were paid according to their scheduled shift times when they were required to work off the clock. For example, Plaintiff was regularly required to stay 30 minutes or more past his regular shift time but would not be paid for this time. Because Plaintiff regularly worked in excess of 40 hours, this uncompensated time is owed at overtime rates.

17. During the three year period prior to this suit, Defendant has employed individuals who performed similar job duties under similar pay provisions as Plaintiff, who were not paid overtime compensation as required by the FLSA.

18. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Defendant has previously been sued for violations of the FLSA and gained knowledge of the FLSA's overtime provisions through this prior litigation, yet its unlawful practices continue.

## VI. COLLECTIVE ACTION ALLEGATIONS

19. Other admittedly non-exempt employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees worked with Plaintiff and were paid in the same, non-exempt manner as Plaintiff without being paid at proper overtime premium rates for all overtime hours worked. Plaintiff is aware that the illegal practices or policies of Defendant has been broadly imposed on the Class Members.

20. The Class Members performed the same or similar duties as Plaintiff or otherwise worked under the same illegal pay scheme. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

21. Defendant's failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable policies or practices of paying employees according to scheduled shift times and not for the actual hours they were required to work and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

22. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment particularly as Defendant self-identified these workers as non-exempt and overtime eligible. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to be paid lawful overtime wages for all overtime hours worked. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and facts are common to Plaintiff and the Class Members.

### VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of

pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew R. McCarley*
Matthew R. McCarley
Bar ID Number. 24041426
**FORESTER HAYNIE, PLLC**
400 N. St. Paul Street Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(469) 399-1070 fax
mccarley@foresterhaynie.com

**ATTORNEY FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

Service will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

*<u>/s/ Matthew R. McCarley</u>*